# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| JOHN FLUELLEN HEARD, JR., | ) |
| Plaintiff, | ) |
| vs. | ) No. 2:17-cv-00148-WTL-MJD |
| THOMAS R. KANE, Acting Director Federal Federal Bureau of Prisons, | ) |
| Defendant. | ) |

**Entry Granting Motion for Summary Judgment and Directing Entry of Final Judgment**

Plaintiff John Fluellen Heard, Jr., alleges that the defendant, Acting Director of the Bureau of Prisons ("BOP"), denied him placement into a halfway house, home confinement, or residential reentry center to which he alleges he is entitled, 18 U.S.C. § 3621(b), and that he has been denied individual review in violation of 18 U.S.C. § 3624(c) (the "Second Chance Act"). He seeks injunctive relief in the form of the Court ordering the BOP to evaluate his circumstances in accordance with these statutes and applicable guidelines and that he be granted the maximum amount of time in this type of confinement. *See Richmond v. Scibana,* 387 F.3d 602 (7th Cir. 2004) ("challenges to rules that affect placement in community confinement" are properly brought under the APA after administrative remedies have been exhausted).

The defendant seeks summary judgment arguing that Mr. Heard failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this lawsuit. For the reasons explained below, the motion for summary judgment, Dkt. No. 17, is **granted.**

## I. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" designated evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532

(citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted).

Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). So here, the defendants bear the burden of demonstrating that Mr. Heard failed to exhaust all available administrative remedies before he filed this suit. *Id.* at 681.

## II. Undisputed Facts

Mr. Heard is an inmate at the Federal Prison Camp ("the Camp") located in Terre Haute, Indiana. Mr. Heard has been housed at the Camp since January 30, 2017, and has been housed within the federal prison system since April 8, 2011.

In his Complaint filed on April 3, 2017, Mr. Heard purports to bring a claim pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 702, 706 based on a decision regarding his "placement into a halfway house, home confinement, and or RRC [Residential Reentry Center]." Dkt. 1 at 1. Mr. Heard does not allege that the Federal Bureau of Prisons has yet made any decision with respect to Mr. Heard's halfway house, home detention, or RRC placement. Mr. Heard was

told, however, that he is eligible for a maximum of 6 months in a halfway house. Mr. Heard believes this statement, which he describes as a verbal commitment is contrary to law.

The BOP has promulgated an administrative remedy system which appears at 28 C.F.R. § 542.10, et seq., and BOP Program Statement 1330.18, Administrative Remedy Program ("P.S. 1330.18"), which was in effect at FPC Terre Haute during the entire time that Mr. Heard was housed there. The BOP administrative remedy process is a method by which an inmate may seek formal review of a complaint related to any aspect of his imprisonment. 28 C.F.R. § 542.10.

To exhaust his remedies, an inmate must typically first file an informal remedy request through an appropriate institution staff member via a BP-8 prior to filing a formal administrative remedy. If the inmate is not satisfied with the response to his informal remedy (BP-8), he is required to first address his complaint with the Warden via a BP-9. If the inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director via a BP-10. If he is dissatisfied with the Regional Director's response, then the inmate may appeal to the General Counsel via a BP-11. An inmate who has filed administrative remedies at all required levels and who has received a response to his appeal from the General Counsel, is deemed to have exhausted his administrative remedies as to the specific issue, or issues, properly raised therein. See 28 C.F.R. § 542.15 ("Appeal to the General Counsel is the final administrative appeal.").

All BOP Program Statements are available for inmate access via the institution law library, including BOP Program Statement 1330.18. Mr. Heard explains that the FPC does not have a separate law library room. Instead there are computer terminals in the hallway which have access to the program statements.[1]

---

[1] In other words, the computer terminals in the hall are the "law library."

Additionally, administrative remedy filing procedures are outlined in the Inmate Information Handbook, which is available at the Camp.

A review of Mr. Heard's administrative remedy filings indicates that Mr. Heard has not filed an administrative remedy request related to any issue raised in the Complaint. Mr. Heard has not filed an administrative remedy request during the entire time he has been housed at the Camp Terre Haute. Mr. Heard's last administrative remedy request dealt with Mr. Heard's medical care and was closed on October 9, 2015, years before Mr. Heard would typically be considered for halfway house, home detention, or Residential Reentry Center placement.

### III. Discussion

The defendant seeks dismissal of this action on the basis that Mr. Heard failed to exhaust his available administrative remedies prior to filing this action. There is no dispute that Mr. Heard failed to exhaust his administrative remedies. Instead Mr. Heard argues that 1) he was not required to exhaust and 2) inmates do not know how to use the law library computers in the hall at the Camp.

First, Mr. Heard was required to exhaust his available administrative remedies. Claims brought under the Administrative Procedure Act fall under the PLRA's exhaustion requirements. *See Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004) (a claim brought under the Administrative Procedure Act may be "dismissed under § 1997e(a) for failure to exhaust administrative remedies").

Second, the undisputed facts reflect that the BOP has met its burden to establish that the administrative process was available to Mr. Heard. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an

administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted).

This is true despite Mr. Heard's statement "that inmates do[] not know how to use the complicated search features and no classes are offered for them to learn." Dkt. 21 at 2. As the BOP points out, Mr. Heard has not submitted any evidence that: (1) he personally could not access BOP program statements, (2) he had no other means of learning about the administrative remedy process, (3) that this somehow prevented him from pursuing his administrative remedies, or (4) that he was otherwise unfamiliar with the administrative remedy process. In fact, Mr. Heard acknowledges that he "[p]reviously filed BP8,9, 10's" while at other facilities, which reflects his familiarity with the administrative remedy process.

As described above, Mr. Heard has not filed an administrative remedy request regarding the issues raised in his Complaint. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Heard's action should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice."). Unlike many cases which are dismissed for failure to exhaust, this Court is not aware of any reason why Mr. Heard could not now exhaust his available administrative remedies and then at the appropriate time refile this action if necessary.

6

## IV. Conclusion

The defendants' motion for summary judgment, Dkt. No. 17, is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/26/17

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

JOHN FLUELLEN HEARD, JR.
98677-179
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808